■ FRANK MASCALI & SONS, INC., et al., a Joint Venture, Respondent, v CITY OF NEW YORK, DEPARTMENT OF PUBLIC WORKS, RIKERS ISLAND MALL, Appellant. — Order, Supreme Court, New York County (Nadel, J.), entered December 15, 1982, which, in an action to recover sums allegedly due plaintiff in connection with a construction contract, granted the motion of the defendant City of New York for reargument, and on reargument adhered to the determination of the court entered August 27, 1982 denying defendant's motion to dismiss claims Nos. 2 and 8, unanimously reversed, on the law, to the extent appealed from, without costs, and claims Nos. 2 and 8 are dismissed.

In this action by the plaintiff to recover sums allegedly due it in connection with construction work for the defendant, the City of New York, the defendant appeals from that part of the order of Special Term that, after granting its motion for reargument, adhered to a prior determination denying defendant's motion for summary judgment dismissing certain claims which are described in the record as claims 2 and 8.

As to claim 2, we are satisfied that it was waived by the plaintiff in connection with some five applications for extensions of time, that claim clearly not being included among those preserved. Contrary to plaintiff's contention that claim 2 did not arise until after the last of the waivers, the record is clear that the work in question was performed prior to the waivers, and that indeed plaintiff was on notice that there was a disagreement with regard to the amount he was entitled to be paid for the work.

As to claim 8, we agree with the defendant that this is in essence a claim seeking damages for delay, and as such was embraced in the plaintiff's third cause of action, which it had explicitly withdrawn in response to defendant's interrogatories. Although the wording of the claim itself is not free of ambiguity, a study of the complaint as a whole, as well as of the plaintiff's responses to the defendant's several interrogatories, makes it clear that this claim was understood by both parties to be one for delay and not one for extra and additional work. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.